1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODGER ROBINSON,                    No.  CIV.S-05-1080 DFL DAD

12          Plaintiff,

13      v.                          FINDINGS AND RECOMMENDATIONS

14   KARNAIL CHAND and TEJTAL SINGH,

15          Defendants.

16   _____/

17          This matter came before the court on April 7, 2006, for

18   hearing on plaintiff's motion for default judgment.  Having

19   considered all written materials submitted with respect to the

20   motion, and after hearing oral argument, the undersigned recommends

21   that the motion be granted.

22                       **PROCEDURAL BACKGROUND**

23          Plaintiff Rodger Robinson initiated this action under Title

24   III of the Americans with Disabilities Act by filing his complaint on

25   May 31, 2005.  Plaintiff's complaint seeks damages and injunctive

26   relief.  Despite being served with process, defendants Karnail Chand

                                 1

1  and Tejtal Singh failed to appear in this action.  Pursuant to

2  plaintiff's request, the Clerk of the Court entered default against

3  defendants.  Plaintiff filed the instant motion, noticing it to be

4  heard before the undersigned pursuant to Local Rule 72-302(c)(19).

5  Thomas N. Stewart III appeared at the hearing on the motion on behalf

6  of plaintiff.  Despite being served with all papers filed in

7  connection with the motion, there was no appearance on behalf of

8  defendants.[1]

9                          **LEGAL STANDARD**

10      Federal Rule of Civil Procedure 55(b)(2) governs

11  applications to the court for default judgment.  Upon entry of

12  default, the complaint's factual allegations regarding liability are

13  taken as true, while allegations regarding the amount of damages must

14  be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722

15  F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group,

16

17        [1]  While the defendants in this case were served with the motion
    for entry of default judgment, such service generally is not
18  required.  See Fed. R. Civ. P. 55(b)(2) (requiring written notice of
    application for default judgment be served upon the party against
19  whom judgment is sought only if that party "has appeared in the
    action"); Local Rule 5-135(d)(excusing parties from serving documents
20  submitted to the court upon "parties held in default for failure to
    appear").  On the other hand, counsel for plaintiff indicates that he
21  has had some contact with an associate of defendants named Paul Singh
    through letters and voice mail in connection with efforts to secure
22  the defendants' appearance in this action.  Presumably, these
    informal contacts prompted plaintiff to serve the motion on the
23  defendants out of an abundance of caution.  See Wilson v. Moore &
    Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977)("No party in
24  default is entitled to 55(b)(2) notice unless he has 'appeared' in
    the action.  The appearance need not necessarily be a formal one,
25  i.e., one involving a submission or presentation to the court.  In
    limited situations, informal contacts between the parties have
26  sufficed when the party in default has thereby demonstrated a clear
    purpose to defend the suit.").

1   559 F.2d 557 (9th Cir. 1977)); <u>see also</u> <u>TeleVideo Sys., Inc. v.</u>

2   <u>Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are

3   liquidated (i.e., capable of ascertainment from definite figures

4   contained in the documentary evidence or in detailed affidavits),

5   judgment by default may be entered without a damages hearing.  <u>See</u>

6   <u>Dundee</u>, 722 F.2d at 1323.  Unliquidated and punitive damages,

7   however, require "proving up" at an evidentiary hearing or through

8   other means.  <u>Dundee</u>, 722 F.2d at 1323-24; <u>see also</u> <u>James v. Frame</u>, 6

9   F.3d 307, 310 (5th Cir. 1993).

10       Granting or denying default judgment is within the court's

11   sound discretion, <u>see</u> <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th

12   Cir. 1986) (citations omitted), and the court is free to consider a

13   variety of factors in exercising that discretion, <u>see</u> <u>Eitel v.</u>

14   <u>McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may

15   consider such factors as:

16         (1) the possibility of prejudice to the
            plaintiff, (2) the merits of plaintiff's
17         substantive claim, (3) the sufficiency of the
            complaint, (4) the sum of money at stake in the
18         action, (5) the possibility of a dispute
            concerning material facts, (6) whether the
19         default was due to excusable neglect, and (7) the
            strong policy underlying the Federal Rules of
20         Civil Procedure favoring decisions on the merits.

21   <u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 <u>Moore's Federal Practice</u>, ¶ 55-

22   05[2], at 55-24 to 55-26).

23                       **<u>ANALYSIS</u>**

24       According to the complaint, plaintiff is a person with a

25   disability under the ADA and requires the use of a wheelchair.

26   Defendants own a market located at 9053 East Highway 12 in Victor,

California which does not have a van-accessible parking space or an

accessible path of travel from the access aisle of any such parking

space to the market's sidewalk.  Plaintiff has patronized defendants'

market on a number of occasions.  On those occasions, he has

encountered these barriers and desires that they be removed so he can

patronize the market in the future.  The complaint alleges causes of

action under Title III of the ADA and California's Unruh Act.  It

prays for the removal of the barriers in accordance with the ADA,

damages pursuant to the Unruh Act, and reasonable attorney fees and

costs.

Weighing the factors outlined in Eitel v. McCool, 782 F.2d

at 1471-72, the undersigned has determined that default judgment

against defendants is appropriate.  Defendants have made no showing

that their failure to respond to the complaint is due to excusable

neglect.  There is no reason to doubt the merits of plaintiff's

substantive claims, nor is there any apparent possibility of a

dispute concerning the material facts underlying the action.  Through

the instant motion, plaintiff seeks straightforward injunctive relief

and a relatively small award of damages in the amount of $4,000.

Plaintiff's complaint is also sufficient.  Because each of these

factors weigh in plaintiff's favor, the undersigned, while

recognizing the public policy favoring decisions on the merits, will

recommend that default judgment be granted.

After determining that entry of default judgment is

warranted, this court must next determine the terms of the judgment.

Consistent with the allegations and prayer in the complaint,

4

plaintiff seeks the installation of a van-accessible parking space

and an accessible path of travel from the access aisle of that van-

accessible parking space to the market's sidewalk.  Plaintiff is

entitled to the requested injunctive relief.  <u>See</u> <u>Wander v. Kaus</u>, 304

F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under

Title III of the ADA -- only injunctive relief is available for

violations of Title III.").  Plaintiff also is entitled to the

requested $4,000 in damages under his state law cause of action.[2]

<u>See</u> Cal. Civ. Code § 52(a); <u>Grove v. De La Cruz</u>, 407 F. Supp. 2d

1126, 1133 (C.D. Cal. 2005)(the Unruh Act "provides for statutory

damages up to a maximum of three times the actual damages but no less

than $4,000 for each instance of discrimination").  Accordingly, the

undersigned will recommend that the district court grant default

judgment as requested.[3]

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for default judgment be granted;

2.  The district court enter the default judgment of

defendants Karnail Chand and Tejtal Singh in favor of plaintiff;

---

[2] Plaintiff has indicated an intention to seek reasonable attorney fees and costs by separate motion.

[3] Plaintiff argues that defendants have attempted to correct the parking situation at their market but that such changes do not comply with the law.  The court does not reach this factual argument which goes beyond the pleadings on this motion for default judgment. As indicated herein, and consistent with relief sought in the complaint, it will be recommended that the defendants be required to remove the barriers at issue and install a van-accessible parking space and a route of travel in compliance with the ADA and its accompanying guidelines.

3.   Defendants Karnail Chand and Tejtal Singh be directed to install at their market a van-accessible parking space and an accessible path of travel from the access aisle of that van-accessible parking space to the market's sidewalk in accordance with the ADA and its accompanying guidelines;

4.   Defendants be directed to pay plaintiff damages in the amount of $4,000; and

5.   Defendants be directed to comply with the terms of any order adopting these findings and recommendations within ninety (90) days.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2006.

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\robinson1080.default.judg

6