IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODGER ROBINSON,                           No. Civ. S-05-1080 DFL DAD

    Plaintiff,                         Memorandum of Opinion
                                                         and Order
    v.

KARNAIL CHAND and TEJTAL SINGH,

    Defendants.          /

In this American with Disabilities ("ADA") action, plaintiff Rodger Robinson seeks attorney's fees and costs in the amount $10,826.66 following entry of a default judgment against defendants Karnail Chand and Tejtal Singh.  Defendants have not opposed plaintiff's motion.  The court reduces the award to $8,466.66.

I.

On March 31, 2005, plaintiff, a disabled wheelchair user, attempted to gain access to the Victor Market, owned by defendants.  During plaintiff's visit, he encountered three

barriers: (1) absence of a disabled parking space made it difficult for plaintiff to park, (2) absence of an accessible route made it difficult for him to exit his vehicle, and (3) absence of a curb cut-out forced him to pull himself over a curb to gain access to the Market.  On May 31, 2005, plaintiff filed the complaint in this case, alleging violations of the ADA and related state statutes.

   On June 27, 2005, Paul Singh ("Singh"), on behalf of his father, Tejtal Singh, called Thomas Stewart, Robinson's attorney, to report that the barriers had been corrected. Stewart traveled to the market to verify the repairs on June 29 and discovered that no changes had been made.  On September 5, Singh again stated that the barriers had been corrected. Robinson checked the alleged changes for Stewart and reported that a disabled parking spot had been installed, but that the required access aisle by the space was blocked by a ramp.  Based upon defendants' attempt at compliance, plaintiff offered to settle the case if the parties could agree on additional financial compensation.  Defendants refused the offer and requested a trial date.  Defendants ceased communication with plaintiff and the court shortly thereafter, eventually resulting

in the clerk's entry of default as to Singh on January 12, 2006.[1] The court granted plaintiff's February 19, 2006 motion for default on December 1, 2006, awarding him $4,000 and injunctive relief.  Plaintiff now seeks attorney's fees.

## II.

The ADA and Unruh Civil Rights Act provide that a prevailing party should recover reasonable attorney's fees.  See Martinez v. Longs Drug Stores, Inc., No. Civ. S. 03-1843, 2005 WL 3287233, at *1 (E.D. Cal. Nov. 28, 2005).  Calculating an appropriate fee award involves a two-step process.  Fisher v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  Id.  "Second, a court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation."  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Robinson requests $10,425 in fees, based upon 41.7 hours billed at $250 per hour, and $401.66 in costs.[2]  Despite the

---

[1] Robinson obtained an entry of default against Chand on October 14, 2005.

[2] The $250 per hour rate is consistent with the rate awarded to experienced counsel in other ADA cases before the Eastern

3

absence of an opposition, the court finds some of the requested fees, as discussed below, to be unreasonable.

A.   Paralegal Tasks

In Missouri v. Jenkins, 491 U.S. 274, 285 (1989), the Supreme Court held that attorney's fees could include compensation for paralegals. The Ninth Circuit has extended compensation to all those "whose labor contributes to work product for which an attorney bills her client." Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1256-57 (9th Cir. 2006). Such work is only compensable, however, "if it is customary to bill such work separately." Id. at 1257. The party seeking fees carries the burden on establishing the rates for such work. See Martinez, 2005 WL 3287233, at *7.

For fees to be reasonable, paralegal work should be billed at an appropriate rate, regardless of the status of the person actually undertaking the work. Stewart seeks to bill at attorney rates work more appropriately handled by paralegals or secretaries.[3]  This work includes: preparing cover sheets,

---

District. See Sanford v. GMRI, Inc., No. Civ. S. 04-1535, 2005 WL 4782697, at *5 n.6 (E.D. Cal. Nov. 14, 2005).

[3] Plaintiff's fee invoice repeatedly lists secretarial and paralegal tasks under a single time entry. Although the court will not award paralegal rates for secretarial work, see Martinez, 2005 WL 3287233, at *7, it finds that the secretarial

4

converting files to PDFs, e-filing documents, mailing documents, arranging for service of documents, scheduling matters, researching nonlegal issues such as business ownership, preparing boilerplate documents, and organizing case files.[4] Although Stewart may undertake these tasks himself, he should be compensated at a work-appropriate rate.  Plaintiff has not met his burden of demonstrating that, for this work, "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  Jordan v. Multnomah Co., 815 F.2d 1258, 1263 (9th Cir. 1987).  The court, therefore, compensates Stewart for 6.2 hours of work at the $75 per hour paralegal rate favored in this district.  See Sanford, 2005 WL 4782697, at *5 n.6 (discussing reasonable rates in the Eastern District for work on ADA actions).  The court reduces plaintiff's requested fees by $1,085.

B.  Site Inspections

Stewart lives in Clayton, roughly 60 miles from defendants' store in Victor.  Stewart made four separate trips to the store:

---

work likely accounted for a de minimis amount of time given the other paralegal tasks listed.

[4] The court classifies work on the following dates as primarily paralegal in nature: 5/31/05 (1.7 hours); 7/28/05 (0.3 hours); 8/02/05 (0.2 hours); 8/18/05 (0.2 hours); 8/25/05 (0.2 hours); 8/31/05 (0.3 hours); 9/05/05 (0.4 hours); 10/14/05 (0.7 hours); 10/19/05 (0.2 hours); 10/21/05 (0.4 hours); 12/06/05 (0.7 hours); 1/10/06 (0.4 hours); and 4/18/06 (0.5 hours).

(1) on April 4, 2005 to confirm plaintiff's statements; (2) on May 30, immediately before filing to confirm the existence of violations; (3) on June 29, to inspect the changes allegedly made to the parking lot; and (4) on February 17, 2006, to take a picture for the default judgment motion.  The trips took 14.5 hours, resulting in $3,625.00 in fees.  The court finds Stewart's billing of the February 17, 2006 trip to be unreasonable, given that he made the trip only to take a picture for his default motion.  Stewart could have sent a representative to take the photo, as he did on September 5, 2005 when he sent plaintiff to verify repairs at the site.  The court reduces plaintiff's fees by 3.1 hours ($775) for the February 17 trip.

     C.  Legal Work

    Excluding the work discussed above, Stewart spent 16.5 hours on legal work before the entry of default judgment. Stewart spent 8.5 hours preparing the motion for default judgment. The motion specifically and thoroughly addressed the alleged barriers.  Plaintiff provided declarations to detail both the barriers encountered and the action's history leading to default.  Stewart spent 4.0 hours preparing for and attending the motion hearing, including travel time from Clayton to Sacramento.  The remaining 4.0 hours of work before default judgment were spent primarily on conversations with plaintiff

and defendants, covering such matters as the parties' disagreement over defendants' remedial efforts and settlement arrangements.  The court finds the time expended to be reasonable and grants plaintiff's request for 16.5 hours ($4,125) for legal work prior to obtaining default judgment.

   D.  Preparation of Motion for Fees

   Plaintiff seeks 4.5 hours ($1,125) for work on the motion for fees, following defendants' default.  Although a bit on the high side, the court finds the request within the zone of the reasonable.

   E.  Costs

   Plaintiff seeks costs for the filing fee ($250) and service of process on both defendants ($75.83 each).  He provides invoices for service of both defendants.  The court finds the costs to be reasonable and awards the full $401.66 requested.

### III.  Conclusion

   For the above reasons, the court awards the plaintiff $8,565 in attorneys' fees, calculated as follows:

|                | Hours | Rate  | Total  |
|----------------|-------|-------|--------|
| Attorney Work  | 32.4  | $250  | $8,100 |
| Paralegal Work | 6.2   | $75   | $465   |

Additionally, the court awards plaintiff $401.66 in costs and expenses.  In total, the court awards plaintiff $8,966.66.


     IT IS SO ORDERED.

Dated:  May 1, 2007



                                        /s/ David F. Levi_____
                                        DAVID F. LEVI
                                        United States District Judge